IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALEX BUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 20-108 (MN) |
| ) | |
| WILMINGTON POLICE DEPARTMENT, ) | Superior Court of the State of Delaware in |
| ) | and for New Castle County |
| Defendant. ) | C.A. No. N19C-12-084 JRJ |
| ) | |

## MEMORANDUM OPINION

Alex Bush, Wilmington, DE – *Pro Se* Plaintiff

Cailyn E. Quinn, Assistant City Solicitor, CITY OF WILMINGTON LAW DEPARTMENT, Wilmington, DE – Attorneys for Defendant

October 23, 2020
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

## I. INTRODUCTION

Plaintiff Alex Bush ("Plaintiff" or "Bush") filed this civil rights action on December 9, 2019 in the Superior Court of the State of Delaware in and for New Castle County, C.A. No. N19C-12-084 JRJ. (D.I. 1-1 at 2-22). He proceeds *pro se* and was granted leave to proceed *in forma pauperis* in the Superior Court.[1] (*Id*. at 23, 24). Defendant Wilmington Police Department ("Defendant" or "WPD") removed the case to the Court on January 23, 2020. (D.I. 1). Defendant moves to dismiss and Plaintiff opposes. (D.I. 3, 4, 6, 7).

## II. BACKGROUND

On Sunday, October 6, 2019, Plaintiff was with his friends drinking coffee and standing four doors down from the corner when police approached him and asked for identification. (D.I. 1-1 at 6). Plaintiff asked if was being detained and was told "no" so he walked away down the street. (*Id*.). The police followed. (*Id*.). Plaintiff who kept walking and was walking backwards, asked the officers, "don't they have something better to do like solving murders." (*Id*. at 6-7). Plaintiff next queried, "should I do a citizen's arrest?" (*Id*. at 7). He alleges the officers then "rushed" him. (*Id*.). Plaintiff threw away his coffee to turn around so he could be handcuffed in the back. (*Id*.). He alleges at that point the officers slammed him to the ground and he suffered broken ribs. (*Id*.). Plaintiff describes a female officer who put her knee in his ribs and a male officer who slammed him and then who blamed the incident on a rookie officer. (*Id*.). Plaintiff kept asking why he was stopped and was he being detained and was told "no." (*Id*. at 8). Plaintiff was charged with

---

[1] The Superior Court conducted an initial review of the Complaint allowed service of process to issue. (*Id*. at 25).

1

resisting arrest, disorderly conduct, and loitering. (*Id*. at 22). The Complaint does not contain a prayer for relief.

Defendant moves for dismissal pursuant to FED. R. CIV. P. 12(b)(6) on the grounds that: (1) it is not a separate juridical entity from the City of Wilmington and is not subject to suit; and (2) the Complaint does not state a claim based upon municipality liability. (D.I. 3, 4). Plaintiff opposes.

## III. LEGAL STANDARD

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content

2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## IV. DISCUSSION

The Court will grant Defendant's motion for several reasons. First, Defendant is a department of the City of Wilmington and cannot be sued as a separate juridical entity. *See Washington v. Wilmington Police Dep't*, Civ.A. No. 92C-05-159, 1995 WL 654158, at *3 (Del. Super. Sept. 18, 1995). In addition, although the Court liberally construes the Complaint as raising claims under 42 U.S.C. § 1983, a municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). This means that a plaintiff seeking to recover from a municipality must: (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *See Board of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Plaintiff's Complaint , however, does not plead that Defendant

3

was the "moving force" behind any alleged constitutional violation. Plaintiff, therefore, has failed to state a § 1983 claim against Defendant upon which relief may be granted.

Additionally, although Plaintiff seems to allege two officers subjected him to excessive force claims, and these type of claims are analyzed under the Fourth Amendment, the Complaint contains no mention of the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386 (1989). Nor does the Complaint identify the officers.

Finally, the Complaint does not contain a prayer for relief. Rules 8(a)(2) and (3) of the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and "a demand for the relief," FED. R. CIV. P. 8(a)(3)." *See e.g.*, *Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007). *See also, Klein v. Pike Cty. Comm'rs*, Civ.A. No. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate a prayer for relief compels dismissal). Plaintiff's failure to specify relief of any sort requires dismissal for noncompliance with Rule 8. *See Liggon-Redding v. Souser*, 352 F. App'x 618, 619 (3d Cir. 2009) (affirming dismissal without prejudice where complaint failed to identify relief sought).

Thus, Defendant's motion to dismiss will be granted for the reasons discussed above. It is plausible, however, that Plaintiff may be able to articulate a claim against Defendant or name alternative defendants, and thus he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V.     CONCLUSION

For the above reasons, the Court will: (1) grant Defendant's motion to dismiss (D.I. 3); and (2) give Plaintiff leave to file an amended complaint. An appropriate order will be entered.

4